IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

VICTOR CALDERON,

        Plaintiff,

v.                                                             CIVIL ACTION NO. 5:05-cv-00696

CORRECTIONAL OFFICER FOSTER and
UNITED STATES OF AMERICA,

        Defendants.

**MEMORANDUM OPINION**

*I. BACKGROUND*

Plaintiff brings this action against Defendant Correctional Officer Richard Foster ("Officer Foster") for alleged violations of Plaintiff's constitutional and civil rights pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA"). The suit arises out of an incident that occurred on December 18, 2004, while Plaintiff was an inmate at FCI Beckley, in Beckley, West Virginia.[1] Plaintiff alleges that at approximately 8:00 p.m., he was sitting on the toilet in his cell, and that his cell window was partially covered to alert his cell mate of a need for privacy. While Plaintiff was on the toilet, he claims that Officer Foster kicked his cell door, and the sudden surprise and loud noise of the kick caused him to suffer symptoms of a heart attack – chest pains, shortness of breath, dizziness, and shaking.

---

[1] Plaintiff is currently incarcerated at Moshannon Valley Correctional Center in Philipsburg, Pennsylvania.

By Standing Order entered on July 21, 2004, and filed in this case on August 26, 2005, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge VanDervort filed his PF&R on August 28, 2006 [Docket 37]. In that filing, the magistrate judge recommended that this Court grant Defendants' Motion for Summary Judgment [Docket 15], and dismiss this matter from the Court's docket. For the reasons stated below, the Court adopts the recommendation, and grants Defendants' motion.

## *II. STANDARD OF REVIEW OF THE MAGISTRATE JUDGE'S PF&R*

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Here, objections to Magistrate Judge VanDervort's PF&R were due by March 19, 2007, pursuant to the Court's Order dated March 16, 2007 [Docket 48]. The Court received Plaintiff's objections on March 22, but because Plaintiff signed and delivered his objections for forwarding on March 19, they are considered timely. *Houston v. Lack*, 487 U.S. 266, 276 (1988) (documents filed by *pro se* prisoners are considered filed as of the day they are delivered to prison officials for forwarding to the Court).

### *III. LEGAL STANDARD FOR SUMMARY JUDGMENT*

Summary judgment is proper where the pleadings, depositions, and affidavits in the record show that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If there exist factual issues that properly can be resolved only by a trier of fact because they may reasonably be resolved in favor of either party, summary judgment is inappropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also Pulliam Inv. Co., Inc. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). The moving party bears the burden of showing that there is no genuine issue of material fact, and that he is entitled to judgment as a matter of law. *Celotex Corp.,* 477 U.S. at 322-23. When determining whether there is an issue for trial, the Court must view all evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123 (4th Cir. 1990). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### *IV. THE PF&R*

The PF&R sets forth in detail the relevant facts involved in this case, and the Court incorporates by reference those facts without further recitation. In his PF&R, Magistrate Judge VanDervort recommended that this Court grant summary judgment in favor of both Officer Foster and the United States. With respect to Plaintiff's *Bivens* claim against Officer Foster, the magistrate judge concluded that summary judgment was appropriate because Plaintiff cannot establish either the subjective or the objective component of the excessive force claim. Furthermore, as an

additional reason for summary judgment, the magistrate judge recommended that the Court find that Officer Foster is entitled to qualified immunity because the facts do not establish a violation of Plaintiff's rights under the Eighth Amendment. Regarding the United States, Magistrate Judge VanDervort recommended that Plaintiff's FTCA claims of battery and negligence against it be dismissed because Officer Foster's acts fall within the "discretionary function" exception of the FTCA, and because the officer did not make contact with Plaintiff, and thus there was no battery. *See* 28 U.S.C. § 2680(a).

## V. EIGHTH AMENDMENT EXCESSIVE FORCE CLAIM

Plaintiff initially objects to the magistrate judge's recommendation to grant summary judgment in favor of Officer Foster on the grounds that the magistrate judge adopted Officer Foster's declaration of the alleged facts. Plaintiff states that his version of the incident is that his cell window was only partially covered, while Officer Foster avers that it was fully covered. Also, he alleges that Officer Foster's declaration is an attempt to create a correctional or penological purpose for his actions, and that he did not act in good faith. Because of these discrepancies, Plaintiff argues a genuine issue of material fact is created and summary judgment is inappropriate. Plaintiff contends that Officer Foster's acts violated his Eighth Amendment right to be free from unnecessary and wanton infliction of pain, and that he has established a genuine issue of fact on both the subjective and objective components of the excessive force inquiry.

The Eighth Amendment does not prohibit the use of all force against inmates, rather it is *excessive* force that violates the Constitution. *See Whitley v. Albers*, 475 U.S. 312, 320-26 (1986). To prove an excessive force claim in violation of the Eighth Amendment, a plaintiff must establish both the requisite subjective culpability of the officer, and that the conduct, taken in context, was

"objectively harmful enough to offend contemporary standards of decency." *Stanley v. Hejirka*, 134 F.3d 629, 634 (4th Cir. 1998) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1993)). In an attempt to persuade the Court that the subjective component is met and that Officer Foster applied force "maliciously and sadistically for the very purpose of causing harm," *Whitley*, 475 U.S. at 320-21, Plaintiff proffers the declaration of Carlos T. Wilson, an eyewitness to the incident. Wilson states that he saw Officer Foster stop momentarily in front of Plaintiff's cell, look in, begin to walk away, then turnaround, proceed to kick the door, and then look at Wilson and smile.[2] Docket 1 at 37-38. The eyewitness's declaration, according to Plaintiff, demands the Court to draw the reasonable inference that his cell window was only partially covered, that Officer Foster saw him on the toilet, and kicked in the door for the sole purpose of frightening him. In other words, Plaintiff states that Officer Foster, "wanted to make literal the often used cliche of 'scaring the "crap" out of' plaintiff", and that Officer Foster could have taken other measures to let Plaintiff know that a violation of unit rules would not be tolerated. Docket 49 at 8, 9.

Initially, the Court notes that Plaintiff's Eighth Amendment claim presupposes that Officer Foster applied force. Even though actual physical contact is not needed in order for a court to find that force has been applied, what is necessary is that a plaintiff must prove that the defendant's actions might be designed to result in pain. *See Hope v. Pelzer*, 536 U.S. 730, 738 (2002) (holding that deprivation of bathroom breaks and unnecessary exposure to the sun can violate the Eighth Amendment's prohibition on "unnecessary and wanton infliction of pain"); *Cornwell v. Dahlberg,* 963 F.2d 912, 915 (6th Cir. 1992) (forcing an inmate to lie on the cold ground constituted excessive

---

[2] Whether Officer Foster went into Plaintiff's cell and advised him not to cover his window is immaterial. Because all of the facts must be taken in Plaintiff's favor, the Court will assume the officer did not enter Plaintiff's cell.

force); *see also Martin v. Bd. of County Comm'rs*, 909 F.2d 402, 406 (10th Cir. 1990) (excessive force claim under the Fourth Amendment may be shown where there has been no physical contact between the officers and the suspect). The act of kicking an inmate's cell door is not analogous to depriving an inmate of bathroom breaks for a significant amount of time or subjecting him to prolonged periods of exposure to the sun, and is not designed to result in pain, and is therefore not the type of force the Eighth Amendment was designed to prohibit. *See Hope*, 536 U.S. at 738.

However, even if Officer Foster's actions were force, viewing the evidence in the light most favorable to Plaintiff, they do not establish "a reliable inference of wantonness in the infliction of pain," and consequently do not satisfy the subjective inquiry. *Whitley*, 475 U.S. at 322. Plaintiff's argument is that Officer Foster acted maliciously because he looked into his cell, saw Plaintiff on the toilet, walked away, then came back, and smiled after he kicked the door. Defendants respond, and the magistrate judge found, that this argument fails to acknowledge the fact that Plaintiff knowingly and admittedly violated unit rules by covering his cell window, even if it was partial. FCI Beckley's Unit Handbook specifies in three different sections that nothing should be placed in an inmate's window. Docket 15 at 10, 11. Indeed, Plaintiff's admitted violation of the rules permitted Officer Foster to take reasonable efforts to maintain and restore discipline. *Hudson*, 503 U.S. at 7.

However, Plaintiff raises a significant issue in his objections. Officer Foster's intent is unclear from the record. His declaration indicates that he acted for legitimate "correctional purposes" and "in good faith", which clearly supports a finding that he did not act with malicious or sadistic intent. Docket 15 at 7-8. On the other hand, the evidence offered by Plaintiff may support a different inference. In Wilson's declaration, he states that he saw Officer Foster smile

after kicking the door, which Plaintiff suggests tends to show that there may have been some other alternative motive behind kicking the door while he was on the toilet. Regardless of this evidence, the Court finds that besides the eyewitness's declaration that Officer Foster smiled after he walked away from Plaintiff's cell, there is no other evidence that he acted with any degree of malicious intent. Without more, the Court cannot conclude that Plaintiff has produced more than "a scintilla of evidence in support of" his position, and no "jury could reasonably find" that based on the officer's smile, he intended to do anything other than discipline Plaintiff for his violation of unit rules. *Anderson*, 477 U.S. at 252.

Even if there is a genuine issue of fact as to the officer's intent, his conduct still does not rise to the level of an Eighth Amendment violation. In other words, even if his intent was have a little fun with Plaintiff by kicking his cell door, the evidence, even viewed in a light most favorable to Plaintiff, does not support an inference that it was maliciously and sadistically with the intent to cause harm. *Whitley*, 475 U.S. at 320-21. It may have been done with a childish sense of mischief, but not with the intent to inflict pain. This is especially evident because of the lack of injury suffered by Plaintiff. It is well-established that the absence of a serious injury is relevant to the determination of a prison official's culpable intent. *Hudson*, 503 U.S. at 7. As discussed in more detail below, Plaintiff's injury was not serious, and therefore tends to weigh in favor of the magistrate's finding that Officer Foster did not possess the necessary degree of culpability. Accordingly, Plaintiff's objection to the finding that Officer Foster's actions do not meet the subjective component of the excessive force inquiry is **OVERRULED**.

Next, Plaintiff objects to the finding that his physical and emotional injuries were *de minimis,* and failed to meet the objective part of the two-pronged Eighth Amendment excessive force test.

He argues that his declaration in opposition of Defendants' motion is sufficient evidence to overcome an entry of summary judgment because he asserts that "while I was using the toilet, I was unexpectedly and sudden [sic] put into panic, shock, and fright, when something hit my door very hard and produced a loud noise. Immediately after being his [sic] in my ears by the unexpected noise . . . I experienced the symptoms of a heart attack, that is, the same symptoms I previously experienced in year 2000, e.g., chest pains, shortness of breath, dizziness, and shaking . . .[.]" Docket 49 at 10.

Under the objective component, the Court asks whether "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Hudson*, 503 U.S. at 8 (quoting *Wilson v. Seiter*, 501 U.S. 294 (1991)). More specifically, whether "the injury of which [Plaintiff] complains is significant enough, when viewed in its factual context, to amount to a violation of his right to be free of cruel and unusual punishment[.]" *Stanley*, 134 F.3d at 636. "[A]bsent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*." *Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994). Extraordinary circumstances would exist if the force is "of a sort 'repugnant to the conscience of mankind[.]'" *Id*. at 1263 n.4 (citations omitted). Applying these principles, the Fourth Circuit held in *Taylor v. McDuffie*, 155 F.3d 479, 484 (4th Cir. 1998) that abrasions on the wrists and ankles, slight swelling of the jaw, tenderness of ribs and torn mucous membranes in the mouth were *de minimis* injuries, and thus summary judgment was appropriate. Similarly, in *Germain v. Ruzicka*, No. 99-6979, 2000 U.S. App. LEXIS 1696, at *6 (4th Cir. Feb. 8, 2000) (unpublished), the court held that if a plaintiff has "the breath knocked out" out of him, the injury is considered *de minimis*.

In this case, even if there was a genuine issue of material fact as to whether Officer Foster behaved maliciously or sadistically with the intent to cause pain, the Court finds no error in the magistrate judge's finding that Plaintiff's injuries were *de minimis*. *See Washington v. Harris*, 186 F. App'x 865, 866 (11th Cir. 2006) (unpublished opinion) ("momentary pain, 'psychological injury,' embarrassment, humiliation, and fear" are *de minimis* injuries that do not rise to the level of constitutional harms). Following the incident, Plaintiff alleges that he had chest pains, shortness of breath, dizziness, shaking, feelings of anxiety, and continued apprehensiveness and fear when he is alone in his cell. Although these symptoms may have caused Plaintiff discomfort, they do not rise to the requisite level of severity, and according to the law in this circuit, are considered *de minimis*. Plaintiff's Chronological Record of Medical Care reveals that Plaintiff was examined following the incident, and the registered nurse noted that his chest pain was "relieved almost completely" after taking nitroglycerin. Docket 15 at 6. Additionally, according to Plaintiff, after he spent about two hours at FCI Beckley's Health Services, his symptoms had "fully subsided", and the record reflects that his blood pressure was 148/88 and pulse was 76, which the clinical director declared was "unremarkable." *Id*. at 5; Docket 1 at 36. It should also be noted that Plaintiff's symptoms were entirely subjective and brief. The director also stated that "[i]f [Plaintiff] did in fact suffer chest pains, shortness of breath, dizziness and shaking following the alleged incident, these types of injuries would be minor with no long-term effect." *Id.* Plaintiff disputes this opinion, but has not proffered any evidence that his alleged injuries required further medical attention.[3] Thus, although Plaintiff may have suffered the symptoms with which he complained of during the incident, the

---

[3] The record indicates that following the incident, the next time Plaintiff was seen by Health Services was on February 4, 2005 for unrelated back pain. Docket 1 at 33.

evidence clearly shows that any such injury was in fact *de minimis*, and no reasonable jury could conclude otherwise. *See Anderson*, 477 U.S. at 248 (holding that summary judgment is appropriate "if the evidence is such that a reasonable jury could [not] return a verdict for the nonmoving party").

Furthermore, Officer Foster's actions were not repugnant to the conscience of mankind, and do not reach the level of "exceptional circumstances." *See Washington*, 186 F. App'x at 866 (holding that where an officer crept up behind a prisoner, grabbed his genitals, kissed him on the mouth, and threatened to perform oral sex on him may have been inappropriate and vulgar, it was not repugnant to humanity's conscience). Because Plaintiff fails to establish the existence of an essential element to his claim against Officer Foster, summary judgment is appropriate, and his objection to the magistrate judge's finding on the objective component is also **OVERRULED**. *Celotex*, 477 U.S. at 322.

## VI. QUALIFIED IMMUNITY AND FTCA CLAIMS

In the final section of Plaintiff's objections, he states that he did not have enough time to object to the qualified immunity finding or the finding that the United States is entitled to summary judgment on his FTCA claims, and hopes that the Court will review the record and the recommendations *de novo*.[4] With respect to the qualified immunity issue, having already determined Plaintiff cannot recover against Officer Foster because there was no deprivation of Plaintiff's Eighth

---

[4] The Court notes that while Plaintiff claims he has not had enough time to object to these recommendations, Plaintiff had been granted two extensions over the course of the previous two months, and had nearly five months in which to file objections to the magistrate judge's PF&R before his access to the law library was limited. In an effort to ensure that Plaintiff had adequate time to conduct legal research, the Court contacted Plaintiff's current place of incarceration and obtained a letter from a member of the prison staff explaining that Plaintiff had full access to the law library from August 28, 2006 –the date the PF&R was entered–until February 6, 2007, and had been given at least nine hours of access to the library during the period of March 2 through March 8. *See* Docket 45, Ex. A, B.

-10-

Amendment rights, Plaintiff has no cause of action against Officer Foster, and therefore whether he is entitled to qualified immunity as an additional grounds for summary judgment is irrelevant. *See Leverette v. Bell*, 247 F.3d 160, 166 (4th Cir. 2001), *cert. denied*, 534 U.S. 993 (2001) (the first step of the qualified immunity defense is to determine whether the plaintiff can establish a deprivation of an actual constitutional right); *see also Taylor*, 155 F.3d at 485 (affirming summary judgment in favor of defendants where the injury was *de minimis* without discussing qualified immunity). Thus, to the extent Plaintiff objects to the magistrate judge's recommendation on the ground of qualified immunity, Plaintiff's objection is **OVERRULED**.

Considering Plaintiff's FTCA claims of battery and negligence against the United States, Defendants argue, and the magistrate judge recommends that the Court find that the "discretionary function" exception to the FTCA[5] requires dismissal of Plaintiff's tort claims because Officer Foster's actions were not mandated by statute, regulation, or policy, and permitted him to exercise a considerable amount of discretion when disciplining inmates for the violation of prison rules. *See United States v. Gaubert*, 499 U.S. 315, 324 (1991). Although 18 U.S.C. § 4042(a)(3) states that the Bureau of Prisons has the duty to provide for the discipline of all inmates, as the magistrate judge noted, it does not specifically set forth the manner in which that goal is to be carried out, and permits officers to act with a substantial amount of discretion. *See, e.g.*, *Calderon v. United States*, 123 F.3d 947, 950 (7th Cir. 1997) (stating that "while it is true that [section 4042] sets forth a mandatory duty of care, it does not . . . direct the manner by which the BOP must fulfill this duty[]").

---

[5] The "discretionary function" exception to the FTCA provides that the United States is not liable for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

Further, the magistrate judge found that the officer's actions encompassed behavior that the exception was designed to shield – discipline of prison inmates. *See Gaubert,* 499 U.S. at 324; 28 C.F.R. § 541.10(b). Although Officer Foster's intent may be a genuine issue of material fact, since Plaintiff admits to violating unit rules, the actions on the part of the officer bring his actions within the broad realm of the "discretionary function" exception. As set forth in the statutory language, the exception applies regardless of whether the agent for the government abuses his discretion or not. 28 U.S.C. § 2680(a). Seeing the cell window partially covered, and then kicking the door because Plaintiff was on the toilet could be categorized as an abuse of discretion in discipline, and within the ambit of the exception. While Defendants argue that Officer Foster's sole purpose for kicking the door was because of the violation of unit rules, and Plaintiff argues it was to frighten him, Plaintiff does not dispute that he clearly violated unit rules, and Officer Foster saw this violation, which permitted him to discipline in a reasonable manner. Officer Foster apparently chose to do so by giving Plaintiff's cell door a kick. Accordingly, his behavior can be considered an abuse of discretion by which he chose to address the rule violation, and within the "discretionary function" exception. Thus, because Plaintiff is unable to overcome the "discretionary function" hurdle, his FTCA claims must be dismissed. *Medina v. United States*, 259 F.3d 220, 225 (4th Cir. 2001); *see also Castro v. United States*, Civ. Action No. C-06-61, 2007 U.S. Dist. LEXIS 9440, at *37 (S.D. Tex. Feb. 9, 2007) (unpublished opinion) (dismissing plaintiffs' claims for negligence, intentional infliction of emotional distress, false imprisonment, abuse of process and assault under the FTCA for lack of subject-matter jurisdiction pursuant to the "discretionary function" exception).

However, even if the "discretionary function" exception does not apply, Plaintiff cannot succeed on either his battery claim or his negligence claim. First, Plaintiff's battery claim would

-12-

fail because, although there is an exception-to-the-exception that permits intentional tort claims to be brought against "law enforcement officers," 28 U.S.C. § 2680(h), he cannot establish a prima facie case of battery under West Virginia law[6] against the United States because Officer Foster did not make contact with him, either directly or indirectly. *See Tolliver v. Kroger Co.*, 498 S.E.2d 702, 711 (W. Va. 1997) (quoting RESTATEMENT (SECOND) OF TORTS § 13 (1965)) ("An actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results.").

Likewise, he cannot establish all of the elements for a negligence cause of action. To prove negligence, a plaintiff must prove that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach was the proximate cause of the damages plaintiff sustained. *Rowe v. Sisters of Pallottine Missionary Soc'y*, 560 S.E.2d 491, 498 (W. Va. 2001) (stating a defendant must prove the elements of negligence in order to establish the defense of comparative negligence). Plaintiff has failed to establish a breach of duty, and any damages. There is no evidence that Officer Foster breached the duty he owed Plaintiff. "A longstanding premise of the law of [West Virginia] is that negligence is the violation of the duty of taking care under the given circumstances. It is not absolute, but is always relative to some circumstance of time, place, manner, or person." *Setser v. Browning*, 590 S.E.2d 697, 701 (W. Va. 2003) (internal citations omitted). In *United States v. Muniz*, 374 U.S. 150 (1963), the Supreme Court held that "the duty of care owed by the Bureau of Prisons to federal prisoners is fixed by 18 U.S.C. § 4042, independent

---

[6] The Court applies West Virginia law because liability is defined "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

of an inconsistent state rule." *Id*. at 164-65 (footnote omitted). This duty requires "the exercise of ordinary diligence to keep prisoners safe and free from harm." *Jones v. United States*, 534 F.2d 53, 54 (5th Cir.), *cert. denied*, 429 U.S. 978 (1976). Nothing in the record suggests that Officer Foster failed to act with reasonable care given the time, place, and conditions, or that he failed to keep Plaintiff safe and free from harm. As to damages, Plaintiff has no compensable physical injury. He cannot document any special damages because he did not pay any out-of-pocket medical expenses, and the only proof of physical pain are his subjective complaints of chest pain.

Finally, even if the Court were to construe his claim as one for negligent infliction of emotional distress, it would fail. Although the law in West Virginia provides that "[a]n individual may recover for the negligent infliction of emotional distress absent accompanying physical injury upon a showing of facts sufficient to guarantee that the emotional damages claim is not spurious[,]" syl. pt. 2, *Ricottilli v. Summersville Mem'l Hosp*., 425 S.E.2d 629 (W. Va. 1992), for the reasons discussed below, the FTCA does not recognize such a claim.

In addition to the reasons already discussed, the battery and the negligence claims fail against the United States because Plaintiff's alleged injuries are also considered *de minimis* under the FTCA, and do not exceed the physical injury requirement to recover damages for mental and emotional injuries. As a fairly recent addition to the FTCA, 28 U.S.C. § 1346(b)(2) provides that:

> No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

However, the FTCA does not define what is meant by a "physical injury." Other courts, construing the related statute 42 U.S.C. § 1997e(e),[7] have held that "although a *de minimis* showing of physical injury does not satisfy the [Prison Litigation Reform Act]'s physical injury requirement, an injury need not be significant to satisfy the statutory requirement." *Clifton v. Eubank*, 418 F. Supp. 2d 1243, 1245 (D. Colo. 2006) (citing (*Mitchell v. Horn*, 318 F.3d 523, 536 (3d Cir. 2003) (surveying the authorities and finding the courts of appeals have read § 1997e(e) to require "a less-than-significant-but-more-than-*de minimis* physical injury as a predicate" to allowing the successful pleading of an emotional injury); *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002) ("for all claims to which it applies, 42 U.S.C. § 1997e(e) requires a prior showing of physical injury that need not be significant but must be more than *de minimis*"); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("the physical injury must be more than *de minimis*, but need not be significant"); *Liner v. Goord*, 196 F.3d 132, 135 (2d Cir. 1999); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

Additionally, "[p]hysical pain, standing alone, is a *de minimis* injury that may be characterized as a mental or emotional injury and, accordingly, fails to overcome the PLRA's bar;

---

[7] 42 U.S.C. § 1997e(e) reads:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Plaintiff's entire case was not dismissed pursuant to § 1997e(e) because courts have held that a prisoner may seek nominal damages for constitutional claims. *Page v. Kirby*, 314 F. Supp. 2d 619, 622 (N.D. W. Va. 2004)(stating that "[t]he Second, Third, Seventh, Ninth, Tenth and Eleventh Circuits have determined that § 1997e(e) does not preclude a prisoner from seeking nominal damages. *See Hughes v. Lott*, 350 F.3d 1157 (11th Cir. 2003), *Calhoun v. DeTella*, 319 F.3d 936, 941 (7th Cir.2003); *Oliver v. Keller*, 289 F.3d 623, 630 (9th Cir.2002); *Thompson v. Carter*, 284 F.3d 411, 418 (2d Cir.2002); *Searles v. Van Bebber*, 251 F.3d 869, 878-79 (10th Cir.2001); *Allah v. Al-Hafeez*, 226 F.3d 247, 252 (3d Cir.2000).").

but, when paired with allegations of physical effects, physical pain may support a claim under the PLRA." *Clifton*, 418 F. Supp. 2d at 1246 (citing *Mata v. Saiz*, 427 F.3d 745, 755 (10th Cir. 2005); *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000)). In *Mata* and *Sealock*, the courts found that the plaintiffs could overcome 42 U.S.C.§ 1997e(e) where the injury was physical pain caused by severe chest pains which lasted a significant amount of time, resulted in a heart attack, and the evidence showed that there had been a substantial amount of medical attention given to the plaintiffs following the injury.

Here, the Court finds that Plaintiff has not put forth enough evidence to overcome the 28 U.S.C. § 1346(b)(2) "physical injury" requirement to allow him to establish a claim for his mental and emotional injury. Because his chest pains required minimal medical attention both during and after the incident,[8] and were "relieved almost completely" by taking the nitroglycerin and had "fully subsided" before he left Health Services about two hours after the incident, his alleged injury is distinguishable from the plaintiffs in *Mata* and *Sealock*, and are considered *de minimis* for purposes of the FTCA's physical injury requirement. Accordingly, he cannot show prior physical injury and his claims for mental and emotional injuries must be dismissed. Any objection to the PF&R's recommendation to grant summary judgment in favor of the United States is **OVERRULED**.

### VII. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the findings and recommendation as contained in Magistrate Judge VanDervort's PF&R. Accordingly, the Court hereby **GRANTS**

---

[8] According to Plaintiff he spent about two hours in Health Services on the night of the alleged chest pains, and the record reflects he did not return until February 4, 2005 for an unrelated problem. Docket 1 at 33, 36.

Defendants' Motion for Summary Judgment [Docket 15].  A Judgment Order will be entered this day implementing the rulings contained herein.

        ENTER:      March 30, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE